IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES BROWN, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:16-CV-3419-L |
| ) | |
| WARDEN D. J. HARMON, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an Order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Factual background**

Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241. Petitioner is an inmate in the federal prison system. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*.

Petitioner was convicted in the Western District of Texas of conspiracy to possess with intent to distribute more than 50 kilograms of marijuana in violation of 21 U.S.C. § 846, and possession with intent to distribute more than 50 kilograms of marijuana in violation of 21 U.S.C. § 841. On March 29, 2011, he was sentenced to 151 months in prison. On December 16, 2011, the Fifth Circuit Court of Appeals affirmed.

On December 13, 2016, Petitioner filed this petition pursuant to 28 U.S.C. § 2241. He

argues his sentence enhancement as a career offender under § 4B1.1 of the sentencing guidelines was in violation of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and the Fifth Circuit's decisions in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017).

**II. Discussion**

Title 28 U.S.C. § 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his sentence. *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Title 28 U.S.C. § 2241, however, may be used by a federal prisoner to challenge the legality of his sentence if he or she can satisfy the requirements of the § 2255 "savings clause." The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).

The petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting *Pack v. Ysuff*, 218 F.3d 448, 452 (5th Cir. 2000)). The Fifth Circuit has stated, "§ 2241 is not a mere substitute for § 2255 and [ ] the inadequacy or inefficacy requirement is stringent." *Reyes-Requena*, 243 F.3d at 901; *see also, Pack*, 218 F.3d at 453 ("[M]erely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy.").

The savings clause of § 2255 applies to a claim (I) that is based on a retroactively

applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904.

The Fifth Circuit makes clear that to fall under the savings clause, the decision that the petitioner is relying on "must be retroactively applicable on collateral review." *Reyes-Requena*, 243 F.3d at 904 (citing *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)). In this case, Petitioner relies on the Supreme Court's decision in *Mathis*, and the Fifth Circuit's decisions in *Hinkle* and *Tanksley* to argue that his drug convictions do not qualify him for an enhanced sentence. In *Mathis*, the Supreme Court held that for the purpose of determining whether an offense qualifies as an Armed Career Criminal Act (ACCA) predicate, the court takes a modified categorical approach, looking at the statutory elements of the offense rather than the means of commission. *Mathis*, however, did not announce a new rule of constitutional law that has been made retroactive on collateral review. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (denying authorization to file a successive § 2255 petition because *Mathis* did not announce a new rule of law retroactively applicable on collateral review.) Additionally, although Petitioner cites *Hinkle* and *Tanksley*, those cases involved direct appeal rather than collateral review. Petitioner does not rely on any retroactively applicable Supreme Court decision that was foreclosed by circuit law at the time of trial or his first § 2255 motion. The petition should therefore be denied.

## III. Recommendation

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition under 28 U.S.C. § 2241 be denied.

Signed this ___ day of _____, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).